State v. Strickland

———————

STATE OF NORTH CAROLINA v. RUBY STRICKLAND

No. 7416SC293

(Filed 15 May 1974)

1. **Homicide § 21— second degree murder — cause of death — sufficiency of evidence**

   State's evidence in a second degree murder case was sufficient to permit the jury to find that the cause of death was a gunshot wound inflicted by defendant.

2. **Homicide § 26— second degree murder — cause of death — instructions sufficient**

   Trial court's reference in its jury instructions to the opinion testimony of doctors as to the cause of death fairly and accurately reflected the testimony of the medical experts and did not amount to a violation of G.S. 1-180.

3. **Criminal Law § 122— jury unable to agree — instructions as to further deliberations**

   Where the jurors deliberated only a short time before reporting to the court that they were unable to agree, the trial court did not err in asking the jury to continue their deliberations which they did for the remainder of the afternoon, and, upon opening court on the following morning, again asking the jury to deliberate further, since, in so doing, the court instructed that no juror was to do anything against his conscience.

APPEAL by defendant from *Winner, Judge,* 12 November 1973 Session of Superior Court held in ROBESON County.

Defendant was indicted for the first-degree murder of one Joseph Strickland. The State elected to try her for second-degree murder, to which defendant pled not guilty. The State's evidence showed that defendant shot Joseph Strickland, who was her brother-in-law, and that Strickland died seven days later in the hospital, while apparently making a successful recovery from the shooting. The pathologist who performed a post-mortem examination of the deceased testified that in his opinion the cause of death was pulmonary emboli or blood clots in the lungs. The physician who treated the deceased testified that if he had emboli, these would be secondary to the gunshot wound.

Defendant offered no evidence. The jury found her guilty of involuntary manslaughter, and from judgment imposing a prison sentence, she appealed.

*Attorney General Robert Morgan by Associate Attorney General Charles J. Murray for the State.*

*Page, Floyd & Britt by W. Earl Britt for defendant appellant.*

PARKER, Judge.

[1] Defendant's motion for nonsuit was properly overruled. The State's evidence was sufficient to permit the jury to find that the cause of death was the gunshot wound inflicted by defendant.

[2] We also find no error in the portion of the court's charge, to which defendant excepted, in which the court referred to the opinion testimony of the doctors as to the cause of death. The court's charge fairly and accurately reflected the testimony of the medical experts, and no violation of G.S. 1-180 was made to appear.

[3] Finally, we find no error in the portion of the court's instructions to the jury, to which appellant also assigns error, in which the court urged the jury to try to reach a unanimous verdict. The jurors, after deliberating only a short time, reported to the court that they were unable to agree, whereupon the court simply asked them to continue their deliberations, which they did for the remainder of the afternoon. Upon opening of court on

the following morning, the court again asked them to deliberate further. In so doing the court was careful to point out that it did not want any juror to do anything against his conscience, and in our opinion the instruction given neither intimated an opinion in violation of G.S. 1-180 nor tended to coerce the jury to reach a verdict notwithstanding the conscientious convictions of any member.

In defendant's trial and in the judgment appealed from, we find

No error.

Chief Judge BROCK and Judge BALEY concur.